IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOHN MACK SMITH,**
**MATTHEW CLYDE CASTEELE,**

      **Plaintiffs,**

v.                                                                              Case No. 3:15-cv-15069

**WEST VIRGINIA REGIONAL JAIL**
**AND CORRECTIONAL FACILITY**
**AUTHORITY, et al.**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiffs' *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action removed from the docket of the court.

**I.**     **Relevant History**

On November 12, 2015, Plaintiffs Matthew Clyde Casteele and John Mack Smith ("Plaintiffs") filed a § 1983 complaint against the West Virginia Regional Jail and Correctional Facility Authority, the Western Regional Jail, six administrators/supervisors

1

and seven correctional officers allegedly working at the Western Regional Jail in Barboursville, West Virginia. (ECF No. 1). In the complaint, Plaintiffs alleged that on June 26, 2015, they were placed in the recreation yard of the Jail and were left there to fend for themselves for over an hour during a violent thunder and lightning storm; thus, placing them in serious risk of bodily injury. Plaintiffs contend that their placement in the yard and the failure of the correctional officers to assist them during the storm was deliberate and retaliatory. Plaintiffs asked for an award of money damages.

On November 20, 2015, the undersigned entered an Order directing Plaintiff Casteele to either pay the filing fee for the lawsuit, or file an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4). Moreover, because Plaintiffs had each filed multiple § 1983 actions within a short period of time, and each suit was filed without paying a filing fee, the undersigned explained to Plaintiffs the "three strikes" provision of 28 U.S.C. § 1915(g) to provide them with an opportunity to decide whether they wished to pursue all of the pending suits. (*Id.*). The Order sent to Plaintiff Casteele was returned as undeliverable, with no new address available. (ECF No. 6). Neither party contacted the court regarding his desire to proceed with the suit.

On March 22, 2016, the undersigned issued a Show Cause Order, noting that Plaintiffs were no longer listed as inmates at the Western Regional Jail. (ECF No. 7). Moreover, their names did not appear on the inmate locaters of the West Virginia Regional Jail and Correctional Facility Authority or the West Virginia Division of Corrections. Plaintiffs had failed to provide a forwarding address to the Clerk of Court, and their current whereabouts were unknown. Accordingly, Plaintiffs were given thirty days to contact the court and advise whether they wished to purse to the instant action. Plaintiffs were warned that a failure to notify the court would result in a recommendation

of dismissal for failure to prosecute. This Order was returned as undeliverable. As of today's date, over eight months have elapsed since Plaintiffs' last contact with the court.[1] Their whereabouts remain unknown.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:[2]

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends

---

[1] Plaintiff Casteele's last contact was the complaint filed on November 12, 2015, and Plaintiff Smith's last contact was an application to proceed in forma pauperis filed on November 19, 2015. (ECF Nos. 1, 3).

[2] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiffs have made no effort to pursue this civil action or communicate with the court regarding the status of the case. The Show Cause Order has been published on the docket and available to Plaintiffs for more than four months, without response from Plaintiffs. The Local Rules of this court notify pro se plaintiffs of their obligation to keep the court updated on their current addresses. In addition, both Plaintiffs were personally advised of that obligation by the undersigned in one of the other civil actions they filed together.[3] Nevertheless, Plaintiffs left the Western Regional Jail without providing the Clerk of Court with a forwarding address. Therefore, Plaintiffs are entirely responsible for the delay in prosecution. In addition, this matter has been pending on the Court's docket for more than eight months without any action or contact on the part of Plaintiffs, demonstrating a case history of

---

[3] *See Casteele and Smith v. West Virginia Regional Jail and Correctional Facility Authority, et al.,* Case No. 3:15-cv-13842 at ECF No. 4.

4

Plaintiffs proceeding in a deliberately dilatory fashion. As a general rule, a delay in prosecution causes some measure of prejudice to the defendant, because witnesses become unavailable and memories become stale with the passage of time. Undoubtedly, this is more likely so in the circumstance of a regional jail where the inmate witnesses are transient and often difficult to locate months and years later. At present, the court has no knowledge of Plaintiffs' whereabouts or their places of residence. Therefore, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

However, the undersigned notes that the alleged misconduct of the defendants forming the basis of Plaintiffs' complaint occurred in June 2015. Plaintiffs' release from the Western Regional Jail does not moot their claim for money damages, and the applicable statute of limitations may not yet have expired. Taking these factors into account, and bearing in mind the importance of resolving claims on their merits, the undersigned **FINDS** that while dismissal is appropriate, it is best entered without prejudice.

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

Plaintiffs are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiffs shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiffs.

**DATED**: August 3, 2016

Cheryl A. Eifert
United States Magistrate Judge